ROSA AMICA-TERRA, ESQ. (006412007)
35 Makemoney Avenue
Haskell, New Jersey 07420
(973) 831-8336
ramicaterra@gmail.com
Counsel for Creditor, RJV's Paramount Properties, LLC

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>EUGENE TION AERIEL<br>Debtor. | Chapter 13<br><br>Case No.: 26-15608<br><br>Hon. Michael B. Kaplan |

**OBJECTION OF CREDITOR, RJV'S PARAMOUNT PROPERTIES, LLC, TO DEBTORS' CHAPTER 13 PLAN**

RJV'S PARAMOUNT PROPERTIES, LLC ("Creditor" or "RJV"), a creditor and party in interest in the above-captioned Chapter 13 case, by and through undersigned counsel, hereby objects to the confirmation of the Chapter 13 Plan [ECF 11] filed by the Debtor, EUGENE TION AERIEL (the "Debtor"). In support of this Objection, Creditor states as follows:

1. Creditor is the holder of a promissory note and mortgage (collectively, the "Loan") made to EU'S Real Estate, LLC (the "LLC"), secured by real property located at 459 Franklin Blvd, Somerset, New Jersey (the "Real Property").

2. Debtor executed a personal guaranty of the Loan in favor of Creditor (the "Guaranty"). At all relevant times prior to the transfer described in paragraph 3 below, the Real Property was deeded in the name of the LLC, and not the Debtor individually.

3. Creditor commenced a foreclosure action in the Superior Court of New Jersey, bearing Docket Number: F-11293-24, concerning the Real Property on November 13, 2024 (the

"Foreclosure Action"). On or about November 25, 2024, three days after the LLC and the Debtor were served with the Summons and Complaint in the Foreclosure Action, the LLC and the Debtor prepared, executed and recorded a Quitclaim Deed transferring title to the Real Property from the LLC to Debtor and a third-party for consideration of $100.00 and without satisfaction of the Loan in an effort to secrete assets and to attempt to prevent the foreclosure.

4. On April 11, 2025, the Superior Court of New Jersey entered an Order in the Foreclosure Action directing the Debtor to reconvey the Real Property back to the LLC, finding that RJV was entitled to avoid the transfer pursuant to *N.J.S.A.* 25:2-29. On or about April 25, 2026, title to the Real Property was transferred back to the LLC by deed.

5. The Loan matured, by its terms, on June 22, 2024, prior to the commencement of this bankruptcy case. The Loan was not renewed, extended or refinanced.

6. On December 10, 2025, the Superior Court of New Jersey entered a Final Judgment of Foreclosure in favor of Creditor and against the LLC and the Debtor and issued a Writ of Execution. Pursuant to the Writ of Execution, a Sheriff's Sale of the Mortgaged Premises was scheduled for May 19, 2026.

7. On or about May 19, 2026, the Debtor, but not the LLC, filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code with this Court.

8. The Sheriff's Sale was rescheduled to June 16, 2026. On June 16, 2026, the Real Property was sold to Creditor for the sum of $1,000.00. The Sheriff's Deed conveying the property to Creditor was dated July 1, 2026 and recorded on July 13, 2026.

9. The Plan proposes to pay Creditor the sum of $605,573.75 over a period of sixty (60) months, without interest, treating Creditor's claim as a secured claim.

10. The Plan states that there are no unsecured claims, however, from the Claims Register, it appears that unsecured creditors have filed Proofs of Claim totaling more than $166,000.00. Additionally, the Plan states that there are no secured claims that are unaffected by the Plan, however, Wells Fargo Bank has filed a secured claim in the amount of $15,859.85 related to a 2019 BMW X3. Because the Debtor's Petition and Schedules do not disclose these debts, neither the Plan nor Schedule J reflects the monthly payment obligations associated with them. Accordingly, it is not apparent from the Debtor's disclosed income and expenses that the Debtor has sufficient disposable income to fund the proposed Plan while satisfying these additional obligations.

11. Further, Creditor objects to the Debtor's Plan because it improperly treats Creditor's Claim as a Secured Claim. Confirmation requires that a plan's treatment of secured claim comply with 11 U.S.C. § 1325(a)(5). A claim is secured, however, only "to the extent of the value of such creditor's interest in the estate's interest in such property," 11 U.S.C. § 506(a)(1). Here, Creditor's claim against this Debtor arises from a personal Guaranty of the Loan made to the LLC, not from a loan made to, or secured by property of the Debtor individually. The Real Property that secured the underlying Loan was titled to the LLC at all times material to this case, except for the fraudulent conveyance to Debtor individually that the State Court found improper and ordered unwound. A guarantor's liability is a personal, unsecured obligation unless the guarantor has separately granted a lien on his own property. Debtor has not shown any lien granted by him, individually, in favor of Creditor.

12. The Real Property was sold at a Sheriff's Sale on June 16, 2026. Any lien interest that could have supported secured treatment has been foreclosed. Creditor's remaining claim, if any, is either satisfied or exists solely as an unsecured deficiency claim. The Plan's

treatment of Creditor as a secured creditor is contrary to §§ 506(a) and 1325(a)(5) and the Plan cannot be confirmed as proposed.

13. Section 1322(b)(5) permits a plan to cure a default and maintain payments on a claim "on which the last payment is due after the date on which the final payment under the plan is due." 11 U.S.C. § 1322(b)(5). Here, the underlying loan was a short-term obligation that had already matured, by its own terms, nearly two years before the petition date. In addition, a Final Judgment of Foreclosure was entered months prior to the Petition Date. There is no ongoing installment obligation remaining to be maintained under § 1322(b)(5), nor is there any default capable of being cured.

14. In any event, confirmation requires a finding that "the debtor will be able to make all payments under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(6). The Debtor's Petition and Plan are silent as to any unsecured debt and to debt secured by a vehicle, as referenced above in paragraph 10. Without that information, it cannot be determined whether the Debtor's disclosed income is sufficient and confirmation must be denied.

15. Debtor's filing of the Petition and the Plan were not filed/proposed in good faith. Section 1325(a)(3) requires that the plan be proposed in good faith, and § 1325(a)(7) requires that the debtor's filing of the petition be in good faith. Good faith is evaluated under a totality-of-the-circumstances standard. See *In re Lilley,* 91 F.3d 491 (3d Cir. 1996). Relevant factors include, among others, the nature of the debt, the timing of the petition, how the debt arose and the debtor's motive in seeking Chapter 13 relief.

16. Here, the Debtor caused the Real Property to be conveyed from the LLC to himself individually, a transfer the state court found improper and ordered reversed. The Petition was filed on the morning of the Sheriff's Sale that was scheduled in the Foreclosure

Action. The Debtor's Petition and Plan are woefully deficient because the only debt disclosed in both documents is the debt owed to Creditor. Both documents are silent as to the Debtor's other debts totaling approximately $180,000.00. The Petition and the Plan mischaracterize the Creditor's claim as a secured claim and the Plan proposes to make payments over five years, without interest. Under the totality of the circumstances, Creditor respectfully submits that the Court conclude that neither the Petition nor the Plan was filed in good faith within the meaning of §§ 1325(a)(3) and (a)(7).

17. Based upon the foregoing, Creditor respectfully requests that confirmation of the Plan be denied and that this Chapter 13 case be dismissed for lack of good faith.

18. Creditor reserves the right to supplement or amend this Objection upon receipt of further information.

Dated: July 22, 2026

Respectfully submitted,

/s/ Rosa Amica-Terra
Rosa Amica-Terra

Attorneys for Creditor, RJV'S PARAMOUNT PROPERTIES, LLC

**Certification of Service**

I hereby certify that on July 22, 2026, a copy of the within Objection will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Rosa Amica-Terra
Rosa Amica-Terra